Manuel **GARCIA–GARCIA,** Petitioner,

v.

John **ASHCROFT, Attorney General,** Respondent.

No. 02–72661.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 7, 2003.*

Decided Dec. 22, 2003.

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

[black rectangle]

Thomas A. Mix, Esq., Carlsbad, CA, for Petitioner.

Regional Counsel, Laguna Niguel, CA, District Director, Office of the District Counsel, San Diego, CA, Executive Office of Immigration Review, Office of Immigration Judge, San Diego, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Hillel Smith, Washington, DC, Anthony W. Norwood, Esq., DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before: HALL, O'SCANNLAIN, Circuit Judges, and BROWN, District Judge.**

MEMORANDUM ***

Manuel Garcia–Garcia petitions for review of a final order of removal by the Board of Immigration Appeals. The order summarily affirmed an immigration judge's ("IJ") decision denying Garcia–Garcia's applications for cancellation of removal and voluntary departure. The IJ found Garcia–Garcia statutorily ineligible for either form of relief because he admitted violating the essential elements of a crime of moral turpitude, 42 U.S.C. § 408(a)(7)(B) (obtaining any benefit through false representation of a social security number). *See* 8 U.S.C. §§ 1101(f), 1229b(b)(1)(B), 1229c(b)(1)(B). Garcia–Garcia does not challenge these rulings on appeal.

Rather, Garcia–Garcia alleges that the admissions did not comport with the relevant procedures as laid out in *Matter of G–M–,* 7 I. & N. Dec. 40, 70, 1955 WL 8691

(1956). Namely, Garcia–Garcia claims that he did not comprehend 42 U.S.C. § 408(a)(7)(B) as it was read and paraphrased to him, thus violating the requirement that "[a]n adequate definition of the crime, including all essential elements, must first be given to the alien .... [and] must be explained in understandable terms." *Matter of G–M–,* 7 I. & N. Dec. at 70.

The IJ made a specific factual finding that Garcia–Garcia "did understand the elements" of the crime, which we must uphold "unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). Strong evidence supports this finding. After the statute was explained to Garcia–Garcia, the government asked if he understood it, to which he replied, "Yes, I understand." Garcia–Garcia argues that his next comment suggested the contrary: "But when–but when I used that number, I didn't know it was this." Yet the IJ reasonably concluded this indicated that Garcia–Garcia was ignorant of the statute at the time he violated it, rather than that he failed to comprehend the explanation of the statute. A later instance when Garcia–Garcia asked the government to repeat a relatively straightforward question does not directly bear on Garcia–Garcia's understanding of the statute. It more likely represents a temporary translation difficulty often present in such proceedings, and is thus insufficient to disturb the IJ's factual finding.

DENIED.

** The Honorable Anna J. Brown, United States District Judge for the District of Oregon, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.